IN THE UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF PUERTO RICO

IN RE:                                                    CASE NO. 14-5135 (ESL)

ANGEL L. MARTINEZ COLON                                   CHAPTER 13
ORPHA N. CORREA OLMO

    Debtors

OPINION AND ORDER

This case is before the court upon the *Objection to Debtor(s) Claimed Exemptions* filed by the Chapter 13 Trustee (the "*Objection*", Docket No. 17) and the *Reply* thereto filed by the Debtors (Docket No. 34). The Chapter 13 Trustee claims that only one co-debtor may claim a homestead right under Puerto Rico's Home Protection Act No. 195 enacted on September 13, 2011 (the "2011 PR Home Protection Act"), 31 L.P.R.A. §§ 1858 *et seq.*, as amended. The Debtors contend that they are both entitled to claim the homestead exemption. For the reasons stated below, the Chapter 13 Trustee's *Objection* is hereby denied.

Procedural Background

On June 24, 2014, the Debtors filed a joint Chapter 13 bankruptcy petition. See Docket No. 1. In their *Schedule C*, the Debtors claimed the homestead exemption afforded the 2011 PR Home Protection Act over their principal residence in a total value of $100,000. See Docket No. 11, p. 17.

On August 14, 2014, the Chapter 13 Trustee filed an *Objection to Claimed Exemptions* (Docket No. 17) claiming that: (a) the Debtors had not provided him with a copy of the homestead deed; and (b) that only one individual may claim the homestead right, not both Debtors.

On September 29, 2014, the Debtors filed their *Reply* attesting that: (a) the homestead deed was provided to the Chapter 13 Trustee through the Trustee's UDP system; and (b) pursuant to Rivera García v. Hernández Sánchez, 2013 T.S.P.R. 107, and Article 9 of the 2011 PR Home Protection Act, both Debtors can claim their homestead right.

-1-

Jurisdiction

The court has jurisdiction pursuant to 28 U.S.C. §§ 157(a) and 1334(b). This is a core proceeding pursuant to 28 U.S.C. § 157(b)(2)(B).

Applicable Law and Analysis

*(A)    Exemptions in General*

When a debtor files a bankruptcy petition, all of his/her/its assets become property of the bankruptcy estate [11 U.S.C. § 541] subject to the debtor's right to reclaim certain property as exempt under 11 U.S.C. § 522. See Taylor v. Freeland & Kronz, 503 U.S. 638, 642 (1992). Property becomes exempt by operation of law when no objections are filed. See 11 U.S.C. § 522(l). Exemptions should be liberally construed in furtherance of the debtor's right to a "fresh start". In re Gutierrez Hernández, 2012 Bankr.LEXIS 2735 at *5, 2012 WL 2202931 at *2; In re Newton, 2002 Bankr. LEXIS 2089 at *7, 2002 WL 34694092 at *3 (B.A.P. 1st Cir. 2002); Christo v. Yellin (In re Christo), 228 B.R. 48, 50 (B.A.P. 1st Cir. 1999). A "fresh start" does not translate to a "head start". In re Goldberg, 59 B.R. 201, 208 (Bankr. N.D.Okla.1986). "The basis for exemption laws is that by providing a debtor to retain a minimum level of property, the debtor and his or her family will not be completely destitute and thus a burden to society." Id. at 208.

*(B)    Exemptions when Co-Debtors File a Joint Bankruptcy Petition*

"Only an 'individual debtor' can claim exemptions for property that comes into the bankruptcy estate." 1-4 Collier Family Law and the Bankruptcy Code ¶ 4.04[1], citing 11 U.S.C. § 522(b). Hence, when both spouses in a conjugal community jointly file for bankruptcy, "Section 522 [of the Bankruptcy Code] applies separately to each debtor pursuant to subsection (m), subject to the limitation set forth in subsection (b), which was added by the 1984 amendments to the Code." Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy, ¶ 522.04 [5] (16th ed. 2013). Also see In re Gentile, 483 B.R. 50, 54 (Bankr. D. Mass. 2012). "Whenever a husband and wife both become debtors under the [Bankruptcy] Code through voluntary or involuntary proceedings, and their cases are jointly filed and jointly

administered, they must both elect the same 'slate' of exemptions", meaning that "if one spouse elects the federal Code exemptions, the other spouse must also elect federal exemptions". Allan N. Resnick and Henry J. Sommes, 4 Collier on Bankruptcy ¶ 522.04[6] (16th ed. 2013).

In the instant case, both debtors opted to claim their exemptions under Puerto Rico law. Thus, each co-debtor is entitled to claim the values established in the Puerto Rico exemption scheme under 11 U.S.C. § 522(m).

*(C)    The 2011 PR Home Protection Act*

The Chapter 13 Trustee claims that under the 2011 PR Home Protection Act "only one individual may claim the homestead right" (Docket No. 17, p. 2, ¶ 4)[1].  The Debtors claim that in Rivera García v. Hernández Sánchez, *supra*, the Supreme Court of Puerto Rico explained that under Article 9 of the 2011 PR Home Protection Act, 31 L.P.R.A. § 1858f, "if the parcel has already been registered in the name of such individual or head of family, it shall suffice for the **owner or owners** of such parcel to execute a declaration before a notary public stating that the parcel is covered by homestead protection for the Property Registrar to make a marginal notation on the appropriate record" (emphasis added).  See Docket No. 34, pp. 2-3, ¶ 10.

Article 3 of the 2011 PR Home Protection Act, 31 L.P.R.A. § 1858, states as follows:

Every individual or head of family residing in Puerto Rico shall be entitled to own and enjoy, under the homestead right concept, a parcel and the structure located thereon, or a residence under the regime established in the Condominiums Act, which belongs to him/her or which he/she lawfully owns, and occupied by him/her or his/her family exclusively as a principal residence.

For the purposes of this chapter, the term domicile shall be defined as provided in § 8 of Title 1.

The Supreme Court of Puerto Rico has interpreted Article 3 to demonstrate the "legislative intent to create an individual right of homestead, but limiting it to that property which is used by the titleholder as his/her principal residence".  Rivera García v. Hernández Sánchez, *supra*, at * 9 (translation provided).

---

[1] The Chapter 13 Trustee has not contested the Debtors' assertion that the homestead deed was provided through the Trustee's UDP system (Docket No. 34, p. 21, ¶ 5).  Hence, the court parts from the premise that the Debtors duly presented such deed at the Property Registry and requested the registration of the homestead for both debtors.

In Rivera García v. Hernández Sánchez, *supra*, the real property in controversy was part of a hereditary community and as such was registered at the Property Registry to the name of the widow and her three children.  The widow appeared by herself in a notarial deed claiming the homestead protection under the 2011 PR Home Protection Act.  The Property Registrar denied the registration of the deed sustaining that because the property belonged to a hereditary community, all heirs and co-owners of the property must consent to the homestead deed.  The Supreme Court of Puerto Rico analyzed that "it is the individual titleholder of a property the one who can claim it" and that "once he/she decides to do it and has access to the Property Registry, the right to homestead acquires a real and *erga omnes* dimension".  Id. at * 14 (translation provided).  The Supreme Court also analyzed the procedure to claim the homestead right governed by Article 9 of the 2011 PR Home Protection Act, *supra*, and determined that when "a property has more than one titleholder, all of them must appear to the authorization of the notarial deed in which the homestead right is claimed".  Id. at *17 (translation provided).

Rivera García v. Hernández Sánchez, *supra*, does not expressly address the bankruptcy quandary of the instant case because the heirs of that case were not claiming the homestead for themselves along with the widow.  The Supreme Court of Puerto Rico held that when a co-owner of a property claims a homestead exemption over it, the remaining co-owners must consent to the transaction.  Notwithstanding, Rivera García provides guidance to the instant case through its interpretation of the 2011 PR Home Protection Act, *supra*: Puerto Rico's "Legislative Assembly decided to convert the homestead right in a vehicle of specific protection of the physical enjoyment of the home".  Rivera García v. Hernández Sánchez, *supra* at *9 (translation provided).

In harmonizing Articles 3 and 9 of the 2011 PR Home Protection Act, *supra*, this court finds that for bankruptcy purposes, the owner or owners of a real estate property may claim a homestead exemption as long as it constitutes his/her/their principal residence, and therefore, each co-owner is entitled to claim exemptions under 11 U.S.C. § 522(m).  In the instant case, there is no dispute that the Debtors are married under Puerto Rico's conjugal partnership regime

-4-

and that the property claimed as homestead is their principal residence. <u>See</u> Docket No. 11. Co-debtors in a conjugal partnership may each claim the totality of the homestead for the benefit of such partnership in a joint bankruptcy case. <u>See</u> <u>In re Díaz Collazo</u>, 2015 Bankr. LEXIS 59 (Bankr. D.P.R. 2015).

Conclusion

For the reasons stated therein, the Chapter 13 Trustee's *Objection* (Docket No. 17) is hereby denied.

SO ORDERED.

In San Juan, Puerto Rico, this 12th day of January, 2015.

Enrique S. Lamoutte
United States Bankruptcy Judge